**Hui CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.[1]**

No. 08–3102–ag.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Sheema Chaudhry, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Hui Chen, a native and citizen of China, seeks review of a May 29, 2008 order of the BIA affirming the July 25, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Chen*, No. A98 255 896 (B.I.A. May 29, 2008), *aff'g* No. A98 255 896 (Immig. Ct. N.Y. City Jul. 25,

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for for-mer Attorney General Michael B. Mukasey as respondent in this case.

2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008).[2]

Substantial evidence supports the agency's adverse credibility determination. We have held that "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007). Here, Chen has admitted to telling immigration officers within days of his entry into the United States that he had never been arrested in China and that neither he nor his sister had practiced Falun Gong. By contrast, in his asylum application and during his testimony, Chen asserted that he was arrested and detained for passing out Falun Gong flyers and that his sister practiced Falun Gong. Chen testified that he lied to immigration officials both at his airport interview and at his credible fear interview because he was afraid, but he argues in his brief to this Court that the agency erred in relying on his false statements because he was reluctant to reveal information during the interview. That argument is unavailing. *See Majidi v.*

*Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005); *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005) (an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" agency from relying on record of interview in support of adverse credibility determination). The agency's conclusion that his false testimony before the immigration officer rendered him not credible was thus proper.

Chen also argues that the IJ erred by giving diminished weight to photos in the record and to his sister's testimony. However, we have held that the weight afforded evidence "lies largely within the discretion of the IJ." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir. 2006) (internal quotations omitted). Further, we identify no error in the IJ's notation of the absence of corroborative evidence in light of his adverse finding as to Chen's credibility. *Id.* at 341.

Accordingly, we conclude that the agency's adverse credibility determination and the resulting denial of Chen's application for asylum were supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. Because Chen based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

---

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231

(2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin*, 534 F.3d at 165.

a stay of removal in this petition is DISMISSED as moot.